Wash, J.,
delivered the opinion of the Court.
This was an action for work and labor, commenced before a Justice of the Peace, by the plaintiff in error against the defendants in error, in which the plaintiff recovered judgment; from which the defendants appealed to the Circuit Court, where, upon submission to the Court without the intervention of a jury, judgment was rendered for the defendants; to reverse which the plaintiff prosecutes this writ. Two motions were made in the Circuit Court: First, to strike the cause from the docket; and second, to dismiss the appeal; both of which were overruled by the Court; in which, it is contended, the Circuit Court erred. Two exceptions are taken to the record, upon which it is insisted the Court below ought to have sustained the motions : First, that the appeal appears to be taken by one only of the defendants ; second, that the recognizance is defective in not being properly tested by the Justice. The record states, in substance, that on the day of trial an appeal was prayed for by one of the defendants, B. Sharp, which was granted; and shows that on the same day, both of the defendants entered into a recognizance, conditioned that they should prosecute their appeal. The defendants could not have evidenced their desire to appeal in a more clear, direct, and unequivocal manner, than by entering into the recognizance. The appeal was therefore properly taken and allowed, and the Circuit Court did right in refusing to dismiss it, for that reason. On the second point it is insisted that the recognizance is defective. It is not termed a recognizance, but a *430 bond, by the Justice, and the name of the Justice is written in his character as Justice, on the left side of the page, where persons who attest the execution of instruments usually sign their names, without using the words "test,” or "witness,” or " signed in the presence of,” &e., or any such words on the face of the recognizance itself. Yet the instrument which is styled a bond by the Justice, is a recognizance, in the precise terms of the statute, and in the entries upon the Justice’s record, it is evidenced that the recognizance was attested by the Justice, and in season ; his name in his official character could have been subscribed, as it is for no other purpose than to test the execution of the recognizance. The proceedings before Justices of the Peace are never very formal, nor is it expected or required that they should be so. Had both of the defendants in person, and at the same instant, and in’ the same words, prayed an appeal, it is hardly to be expected that the Justice would have recorded a fact as unnecessary as novel. The record, taken together, states enough to satisfy this Court that the Circuit Court did right in refusing to dismiss the appeal, or to strike the cause from the docket.
Its judgment must, therefore, be affirmed with costs.